U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

DEC 0 8 2014

TONY R. MOORE, CLERK
BY_____ DEPUTY
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Kim Capritto                            Civil Action No. 6:13-00403

versus                                    Judge Richard T. Haik

Candy Fleet, LLC                    Magistrate Judge C. Michael Hill

**MEMORANDUM ORDER**

Before the Court is Defendants, Candy Fleet, LLC and Candy Strike, LLC's, Motion To Exclude John Pierce's Marine Liability Report And Testimony From Trial on the basis that Pierce's opinion is not in accord with the principles prescribed by *Daubert v. Merrell Dow Pharmaceutical, Inc.*, 509 U.S. 579 (1993). In essence, defendants oppose Pierce's expert testimony and reports because they contend that he is not a licensed vessel captain but rather "merely a vessel officer and has no particular expertise in crew boat operations and safety." *R. 103-1*. Plaintiff, Justine Capritto, opposes defendants' motion stating that Pierce's "extensive background" makes him more than qualified to render an opinion in this case. *R. 114-1, Exh. A*.

A district court's decision to admit or exclude the testimony of a proposed expert is reviewed under the abuse of discretion standard. *Wright v. Ford Motor Co.*, 508 F.3d 263, 275 (5th Cir. 2007). Applying this standard, the Fifth Circuit has recognized that district courts are given "wide latitude in determining the admissibility of expert testimony, and the discretion of the trial judge ... will not be disturbed on appeal unless manifestly erroneous." *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007). In deciding whether to qualify a litigant's expert witness, a district court is guided by the Supreme Court's decision in *Daubert*, and Federal Rule of Evidence 702. *Id.*

In *Daubert*, the Supreme Court instructed district courts to function as gatekeepers and permit only reliable and relevant expert testimony to be presented to the jury. *See Daubert*, 509 U.S. at 590-93. District courts must be assured that the proffered witness is qualified to testify by virtue of his "knowledge, skill, experience, training, or education." Fed.R.Evid. 702. However, Federal

Rule of Evidence 702 requires that the expert may testify only if "(1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id.*

The district court's chief role when determining the admissibility of expert testimony is that of a "gatekeeper." *Rushing v. Kansas City Southern Railway Co.*, 185 F.3d 496, 506 (5th Cir.1999). "The district court's responsibility is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004).

After giving due consideration to defendants' motion and considering Pierce's Preliminary Maritime Report, including his *curriculum vitae*, the Court will allow Pierce to testify at trial. This action is a bench trial. The Court is fully capable of determining whether Pierce's testimony is compliant with Federal Rule of Evidence 702 as well as assessing his credibility. The Court is also fully capable of determining what evidence, if any, is helpful and the weight that such evidence should be given at the time of Pierce's testimony. A *Daubert* hearing is therefore unnecessary.

Accordingly, it is

**ORDERED** that Defendants, Candy Fleet, LLC and Candy Strike, LLC's, Motion To Exclude John Pierce's Marine Liability Report And Testimony From Trial [Rec. Doc. 103] is **DENIED**.

Thus done and signed this 8th day of December, 2014 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge